**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA DAVIS,<br><br>            Plaintiff,<br><br>     v.<br><br>SOCIAL SERVICE COORDINATORS, Inc., et al.,<br><br>            Defendants. | 1:10-cv-02372-OWW-SKO<br><br>MEMORANDUM DECISION AND ORDER RE: MOTION TO AMEND (Doc. 18) |

## I. INTRODUCTION.

Lisa Davis ("Plaintiff") proceeds with an action pursuant to 29 U.S.C. § 201 *et seq.* against Social Service Coordinators, Inc. and Social Service Coordinators, LLC ("Defendants").[1]  Plaintiff filed a first amended complaint ("FAC") on January 18, 2011. (Doc. 6).

Defendants filed a motion to dismiss the FAC on February 8, 2011. (Doc. 11).  Plaintiff filed a second amended complaint on March 21, 2011. (Doc. 22).  The court struck Plaintiff's second amended complaint on March 31, 2011 for failure to obtain leave. (Doc. 17).  The order striking Plaintiff's second amended complaint directed Plaintiff to file either opposition to Defendants motion

---

[1] Plaintiff seeks to proceed as a class representative pursuant to Fed. R. Civ. P. 23.  The court does not reach the class certification issue at this time.

to dismiss the FAC or, alternatively, a motion for leave to amend. Plaintiff filed a motion for leave to amend the complaint on April 20, 2011. (Doc. 19). Defendants filed opposition to the motion to amend on May 16, 2011. (Doc. 20). Plaintiff filed a reply on May 25, 2011. (Doc. 21).

## II. **FACTUAL BACKGROUND**.

Defendant Social Services Coordinators, Inc. ("SSC") hired Plaintiff as a "remote case manager" in August 2010. SSC terminated Plaintiff on November 25, 2010.

SSC's business includes telemarketing to Medicare beneficiaries in order to qualify beneficiaries for particular benefit programs. SSC employs persons characterized by the FAC as "intake/outreach employees;" SSC gave these employees titles such as "remote case managers," "case managers," "case reviewers," "case examiners," "intake progress services," "already-enrolled unit," "golden touch unit," "mailing services," and "disability screener" managers," "intake specialists," "intake coordinators," "community program specialists," "in-progress services," "already-enrolled unit," "golden touch unit," "mailing services," and "disability screener." The primary job duty of intake/outreach employees is to make telephone calls to predetermined senior citizens enrolled in particular Medicare plans. Plaintiff alleges SSC created the various job titles given to intake/outreach employees in order to facilitate SSC's practice of wrongfully classifying such employees as exempt from applicable federal and state wage and hour laws. Plaintiff seeks to serve as the class action representative for all similarly situated intake/outreach employees subjected to Defendants' alleged unlawful conduct.

Plaintiff worked in excess of eight hours in a workday and/or in excess of forty hours in a work week. SSC failed to pay premium compensation for overtime hours, failed to provide off-duty meal and rest breaks, failed to provide reimbursement of business expenses incurred by Plaintiff, failed to provide accurate wage statements, and failed to provide immediate payment of earned and unpaid wages at the time of employment termination.

### III. **LEGAL STANDARD**.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings "only with the opposing party's written consent or the court's leave" and that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule should be applied with "extreme liberality" in favor of allowing amendments in the early stages of a case. See *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). A court should consider four factors in determining whether to grant leave to amend: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991). Delay alone is not sufficient grounds for denying leave to amend. *Id*. The consideration of prejudice to the opposing party is the most important factor. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the "touchstone of the inquiry under Rule 15(a)"). Absent prejudice, or a strong showing of any of the remaining factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Id*. "'Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a

dilatory maneuver in bad faith, it is an abuse of discretion' to deny leave to amend." *Pend Oreille*, 926 F.2d at 1511-1512 (citing *Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973)). However, "[w]hile Fed.R.Civ.P. 15(a) encourages leave to amend, district courts need not accommodate futile amendments." *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996).

## IV. <u>DISCUSSION</u>.

Defendants contend that Plaintiff's motion to amend should be denied because (1) Plaintiff does not have a good faith basis to amend her class action allegations; (2) Defendants will suffer undue prejudice if leave to amend is granted; (3) Plaintiff has not cured the deficiencies identified in Defendants' motion to dismiss; and (4) amendment is futile.

**A. Bad Faith**

Defendants contend that Plaintiff cannot amend her complaint to properly assert any claims on behalf of a "California Class" or "California Labor Subclass" because Defendants have represented to Plaintiff that she was the only "remote case manager" employed in California during the relevant time period.[2] Defendants' contention lacks merit. First, Plaintiff is not required to abandon her claims based on Defendants' self-serving representation. Second, Defendants' representation, even if true,

---

[2] Defendants submit a declaration from a current human resources employee who represents that no other remote case managers were employed in California during the operative time frame. The declaration does not aver that Defendants did not employ other individuals in California with job duties substantially similar to those of a remote case manager, however. At oral argument, Defense counsel represented that Defendants did not employ any other employees in California during the relevant time frame; there is no evidence of this assertion, and in any event, it is inappropriate to deny leave to amend based on such extrinsic evidence at this stage in the proceedings.

**4**

is not dispositive in light of Plaintiff's theory that SSC gave employees with essentially the same job duties different titles in furtherance of SSC's scheme to wrongfully claim such employees as exempt from relevant wage and hour laws. Defendants have not established that Plaintiff's motion to amend is brought in bad faith.

**B. Prejudice**

Defendants contend they will suffer undue prejudice "defending claims that have not been asserted in good faith." (Opposition at 5-6). Defendants complain that they will be subjected to "needless discovery costs and continued litigation." (Id.). There is no evidence that Plaintiff's claims are brought in bad faith, and the prejudice Defendants complain of is nothing more than the inconvenience always present when a party is required to defend against a law suit. As this case is still in its early stages, there is no basis to find that granting leave to amend will prejudice Defendants.

**C. Deficiency of the Proposed Amended Complaint**

Defendants cite *Foman v. Davis*, 371 U.S. 178, 182 (1962) for the proposition that leave to amend should be denied because Plaintiff has "repeatedly" failed to cure deficiencies in her previous complaints. Defendants contention is based on a misreading of *Foman* and the federal rules. The passage cited from *Foman* suggests that further leave to amend should be denied where a party exhibits "repeated failure to cure deficiencies by amendments *previously allowed*." *Id.* (emphasis added). Here, no amendment to the complaint has been "previously allowed;" Plaintiff has only amended her complaint once, and that amendment was

effected as of right pursuant to Federal Rule of Civil Procedure 15(a). Rule 15 must be applied with "extreme liberality" in favor of allowing amendments in the early stages of a case. *Jones*, 127 F.3d at 847.

**D. Futility**

Defendants advance the conclusory contention that "Plaintiff's proposed SAC is 'futile' because it fails to cure the fatal defects discussed more fully above, and cited by SSC in its Motion to Dismiss." (Opposition at 7). Nothing in Defendants' motion to dismiss establishes that amendment is futile; to the contrary the motion to dismiss is predicated on Plaintiff's lack of specificity in pleading her claims.

The "extreme liberality" in favor of allowing amendments in the early stages of a case requires that Plaintiff be given an opportunity to file an amended complaint. *Jones*, 127 F.3d at 847. Plaintiff's motion is GRANTED.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiff's motion to amend is GRANTED;

2) Plaintiff's shall file an amended complaint by August 9, 2011;

3) Defendants shall respond to the amended complaint within twenty-one days following electronic service of the amended complaint.

IT IS SO ORDERED.

**Dated:   July 28, 2011**              **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE