# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA DAVIS, | CASE NO. 1:10-cv-02372-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL DOCUMENTS** |
| | (Doc. 58) |
| SOCIAL SERVICE COORDINATORS, INC., et al., | |
| Defendants. | |

## I.   INTRODUCTION

On June 15, 2012, Plaintiff Lisa Davis ("Plaintiff") filed a "Notice of Request to Seal Documents." (Doc. 58.) Plaintiff seeks to seal documents that Kristie Goss obtained during the course of her employment at Defendant Social Service Coordinators, Inc. Ms. Goss has provided a declaration in support of Plaintiff's motion for conditional class certification (*see* Doc. 59-5), and the documents Plaintiff seeks to seal are attached as exhibits to Ms. Goss' declaration.  For the reasons that follow, Plaintiff's request to seal documents is GRANTED.

## II. DISCUSSION

A motion to seal documents implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm'cs, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records). The right to access is not absolute and can be overridden where there are sufficiently compelling reasons. *Id.*

The party seeking to seal a document related to a non-dispositive motion must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective orders. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (noting differing treatment of judicial records attached to dispositive motions versus those attached to non-dispositive motions).[1] In the Rule 26(c) context, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Here, Plaintiff is seeking to seal information that declarant Kristie Goss obtained during the course of her employment with Social Service Coordinators, Inc. In other words, the documents that are the subject of the sealing request were apparently created by Defendant Social Service Coordinators, Inc. and disseminated to its employees.[2] Plaintiff maintains that these documents are

---

[1] As Plaintiff's sealing request pertains to a non-dispositive motion, the "good cause" standard applies.

[2] It is unclear whether the documents sought to be sealed were actually produced by Plaintiff or Defendants during discovery.

similar to those produced by Defendants Social Service Coordinators, Inc. and Social Services Coordinators, LLC (collectively, "Defendants") during discovery and designated as "confidential" or contain information Plaintiff believes Defendants would otherwise deem confidential. As it relates to filing documents produced in discovery that either party has designated confidential, the parties agreed as follows:

> Disclosure to the Court. Confidential Information shall not be filed with the Court except where reasonably necessary in connection with any motion, hearing, conference, proceeding, trial or appeal in this Action. If counsel for any Party to the Action determines to file with, or submit to, the Court (other than at hearing) (a) any Confidential Information, or (b) any pleading or other Document making any direct reference to the specific content of Confidential Information, if no Party objects, the filing under seal with the Court in accordance with current procedures and requirements for seeking such filings. In the event a Party objects to such a filing under seal, the Party seeking to make such filing shall seek, upon proper notice to the other Party, leave of Court to do so.

The documents at issue generally contain Defendants' internal operating procedures as well as scripts for employees to follow when interacting with prospective customers. In *Navarro v. Eskanos & Adler*, No. C-06-02231 WHA (EDL), 2007 WL 902550, at *5-10 (N.D. Cal. Mar. 22, 2007), the district court considered whether good cause was established to maintain a confidentiality designation with respect to the defendant's training and procedure guide. With respect to pages of the training and procedure guide that provided training information in textual and schematic form, which had been developed by defendant over a number of years to efficiently run the business and provide the company with a competitive advantage in defendant's industry, the court determined there was good cause to maintain the confidentiality designation. *Id.* at * 6.

Like *Navarro*, the documents at issue provide internal operating procedures as well as scripts for employees to follow when interacting with customers. As was discussed in the Court's prior sealing order in this matter, should these documents be disseminated publicly, Defendants' competitors may reap the benefit of the internal operating procedures and information without having to incur the costs associated with developing the scripts and internal procedures. The Court finds that there is good cause to seal Exhibits A through H to the Declaration of Kristie Goss, which outweighs the public's presumptive right to access judicial documents. Plaintiff's request to seal Exhibits A through H to the Declaration of Kristie Goss (Doc. 59-5) is GRANTED.

### III.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal documents is GRANTED; and
2. Plaintiff is directed to submit the documents to be sealed to the Clerk of the Court as provided in Local Rule 141(e)(2)(i).[3]

IT IS SO ORDERED.

Dated:   **June 21, 2012**                                     /s/ Sheila K. Oberto
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[3] Should Plaintiff elect to submit the documents to be sealed to the Clerk of Court electronically, this can be accomplished by emailing the documents to ApprovedSealed@caed.uscourts.gov. A link to the Clerk's email address for sealed documents is contained on the Court's website at the following location: http://www.caed.uscourts.gov/caed/staticother/page_1652.htm.