# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA DAVIS, | CASE NO. 1:10-cv-02372-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A CLASS BE GRANTED** |
| SOCIAL SERVICE COORDINATORS, INC., et al., | |
| Defendants. | (Doc. 47, 69, 73.) |

## I. INTRODUCTION

On October 30, 2012, the Magistrate Judge issued Findings and Recommendations ("F&Rs") that Plaintiff's supplemental motion for conditional class certification be granted.[1] (Doc. 73.) On November 6, 2012, both parties filed objections to the F&Rs; on November 13, 2012, each party filed responses to the other party's objections. (Docs. 74, 75, 76, 77.) The matter is now pending before the district court.

---

[1] A detailed procedural history as well as a summary of the parties' arguments was set forth by the Magistrate Judge in the October 30, 3012, F&Rs. (*See* Doc. 73, 3-11.)

## II.   DISCUSSION

In its objections, SSC renewed its opposition to Plaintiff's motion and supplemental motion on the grounds stated in its opposition briefs, asserting that the Magistrate Judge erred in finding that the proposed class is similarly situated. (Doc. 74, p. 1-2.) Further, even to the extent the district court adopts the F&Rs regarding certification of the proposed class, SSC requested clarification as to the scope of the contact information it must provide to Plaintiff as well as specification as to contact between Plaintiff's counsel and the putative class during the notice period. Further, SSC objected to the temporal scope of the notice. (Doc. 74, p. 2-10.)

Plaintiff also filed partial objections to the F&Rs, objecting to any recommendation that contact with the putative class during the notice period be limited beyond the protections of the California Rules of Professional Conduct. (Doc. 75.) Plaintiff also asserted that the F&Rs are ambiguous about what contact with the putative class is permissible, and notes that there are no reciprocal protections binding SSC from contact with the putative class.

In response to Plaintiff's objections, SSC maintained that the communication limitations recommended by the Magistrate Judge are appropriately imposed as part of the district court's discretion to facilitate the notice process. (Doc. 76.) SSC argued that Plaintiff and her counsel should be prohibited from unfettered communications with the putative class during the notice period to ensure that the goals of providing timely, accurate, and informative notice are met. (Doc. 76, p. 3.) To the extent Plaintiff seeks a mutual prohibition on SSC with regard to contact with the putative class, such a restriction ignores the reality that there are many putative class members employed by SSC and a restriction on contact is not feasible. (Doc. 76, p. 6 ("Plaintiff's proposed restrictions ignore the reality of the daily communications between and among the putative plaintiffs and SSC, thereby opening the door for inadvertent violations of the proposed Court Order and imposing on defense counsel the monumental task of informing all of SSC's employees that may be bound by such an Order.").)

In response to SSC's objections to the F&Rs, Plaintiff argued that she must be provided with additional contact information beyond the names and mailing addresses of the putative class members. (Doc. 77.) Plaintiff asserted she is entitled to this information so that she can quickly

confirm whether the mailing addresses provided by SSC are accurate and efficiently deal with mailed notices that are returned; further, Plaintiff noted that SSC has already provided her with phone numbers of some members of the putative class as part of the initial class discovery and there is no reason now to prevent Plaintiff from receiving the remainder of the phone contact information for the putative class. (Doc. 77, 3:7-4:16.) Plaintiff argued that she should not be prohibited from communicating with the putative class, and even if she is, such prohibition should be mutual and imposed on SSC as well. (Doc. 77.)

**A.     Certification of the Proposed Class and Temporal Scope of the Notice**

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's Findings and Recommendations regarding conditional class certification are supported by the record and proper analysis and conditional certification of an FLSA class is warranted.

The Magistrate Judge recommended that, due to potential tolling issues that are not yet resolved, notice of the action be issued to current and former employees who fall within the class definition from December 20, 2007, through the present. SSC argued that the FLSA statute of limitations is, at most, three years and individual opt-in plaintiffs' cases do not "commence" until their written consent to suit is filed. Currently, no opt-in plaintiffs have joined this suit. Thus, any notice should be temporally limited to three years before the date of the issuance of the notice, rather than three years prior to the filing of Plaintiff's complaint. (Doc. 74, p. 6-7.) Further, SSC presented several arguments why tolling of the statute of limitations is inappropriate in this case. (Doc. 74, p. 7-10.)

The general practice with regard to temporal scope of the class is to extend it to three years prior to the Court's approval of the notice. *See Guzelgurgenli v. Prime Time Specials Inc.*, __ F. Supp. 2d __, 2012 WL 3264314, at * 14 (E.D.N.Y. Aug. 8, 2012). Plaintiff asserted that she intends to file a motion to toll the statute of limitations, but the matter of tolling has not yet been presented or decided by the Court. Even if SSC's assertions are correct, and it is found that there are no grounds to toll the applicable statute of limitations when the issue is presented to the Court, out of

3

1   an abundance of caution, the temporal scope of the class shall be extended to three years prior to the
2   date the complaint was filed, i.e., December 20, 2007.
3       Accordingly, as recommended in the F&Rs, the following class is conditionally certified:
4       All current and former SSC employees, who at any time between December 20, 2007, and present worked in the "Medicare Outreach" sub-division performing client/member outreach duties, who worked overtime, but were classified as exempt, excluding anyone who worked exclusively as a President, Vice President, Director, Supervisor, Team Lead, or Case Reviewer.
7   (*See* Doc. 73, 35:17-19.)

**B.  Notice to the Putative Class Through the U.S. Mail**

9       Plaintiff requested that the putative class be notified via U.S. Mail, and this form of notice
10  was recommended by the Magistrate Judge.  (Doc. 73, 41:3-4.)  Written notice to the putative class
11  through the U.S. Mail is therefore authorized.  No other form of notice is approved. The Magistrate
12  Judge also recommended amendments to Plaintiff's proposed notice which are appropriate (Doc. 73,
13  39:10-40:25), and shall be incorporated into the notice furnished to the putative class.

**C.  Contact Information Provided by SSC to Facilitate Notice by U.S. Mail**

15      In Plaintiff's supplemental motion, she requested that, for purposes of furnishing notice to
16  the putative class, SSC be required to provide to Plaintiff's counsel "the names, addresses, alternate
17  addresses, email addresses, Social Security Numbers, telephone numbers, and any other potential
18  contact information for all prospective class members." (Doc. 69, 6:11-13.)  SSC did not present
19  any specific objection to the request for this contact information in its opposition other than asserting
20  only notice by First Class U.S. Mail should be approved.  (*See* Doc. 51, p. 24-27; Doc. 71, p. 5-6.)
21  However, in its objections to the F&Rs, SSC asserted that any contact information regarding the
22  putative class should be limited to that "needed to effectuate the court-authorized notice," and the
23  Court agrees.  (*See* Doc. 74, p. 2.)
24      At this stage, the contact information to be provided by SSC shall be limited to the putative
25  class members' names and U.S. mailing addresses only.  *See Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623,
26  631 (D. Colo. 2002) ("First class mail ensures, at the outset, that the appropriately targeted audience
27  receives the intended notification and maximizes the integrity of the notice process.")  Should
28  Plaintiff require additional contact information due to undeliverable notices, Plaintiff may file such

4

a request with the Court and the Magistrate Judge will promptly determine whether additional contact information should be provided by SSC. To the extent SSC is ordered to produce additional contact information, SSC shall provide that information in an expedient manner.

**D.     Contact with the Putative Class During the Notice Period**

The issue of contact with the putative class was raised by SSC in its original opposition to Plaintiff's motion; Plaintiff's response was a one-sentence assertion that any restriction on her counsel's ability to contact the putative class would be a prior restraint on First Amendment rights. (Doc. 59, 17:4-11.) The Magistrate Judge recommended that Plaintiff's counsel not be permitted to initiate communication with the putative class during the notice period for purposes of solicitation, and that any further written mailing to the putative class be pre-approved. (Doc. 73, 37:22-39:2.) The F&Rs cited Judge Bisson's reasoning in *Taylor v. Ptitsburgh Mercy Health System, Inc.*, No. 2:09-cv-003770CB, 2009 WL 2762531, at *4 (W.D. Pa. Aug. 25, 2009), and it was recommended that such an approach be adopted in this case.

Plaintiff objected to any communication limitations the Court imposes in facilitating notice to the putative class as a prior restraint in violation of the First Amendment and cites *Gulf Oil v. Bernard*, 452 U.S. 89, 101 (1981). SSC responded to Plaintiff's objection, arguing that communication limitations imposed during the pendency of the notice period ensure that the notice process will be timely, accurate, and informative. SSC argued that the Court is authorized to facilitate the notice process, and in doing so, has the ability to restrict some communication.

In *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989), the Supreme Court took up "the narrow question whether, in an ADEA action, district courts may play any role in prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought." The Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . in ADEA actions by facilitating notice to potential plaintiffs." *Id.* at 170. The Court explained that the benefits of a collective action "depend on the employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* The Court reasoned that

> [s]ection 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. *See* Fed. Rule Civ. Proc. 83. It follows that, once an ADEA action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.
>
> We have recognized that a trial court has a substantial interest in communications that are mailed for single actions involving multiple parties. In *Gulf Oil Co. v. Bernard*, [452 U.S. 89, 101 (1981)], we held that a District Court erred by entering an order that in effect prohibited communications between the named plaintiffs and others in a Rule 23 class action. Observing that class actions serve important goals but also present opportunities for abuse, we noted that "[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." 452 U.S. at 100. The same justifications apply in the context of an ADEA action. Although the collective form of action is designed to serve the important function of preventing age discrimination, the potential for misuse of the class device, as by misleading communications, may be countered by court-authorized notice. [footnote omitted]
>
> Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of the district court to begin its involvement early, at the point of the initial notice, rather than at some later time . . . A trial court can better manage a major ADEA action if it ascertains the contours of the action at the outset. The court is not limited to waiting passively for objections about the manner in which the consents were obtained. By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed. This procedure may avoid the need to cancel consents obtained in an improper manner.

Here, because the parties have already begun to dispute the contents of communication between Plaintiff's counsel and a putative class member (*see* Doc. 51, p. 26 n.6; Doc. 59-2, ¶ 5) and were also unable to reach agreement about the content of the notice, judicial oversight of the notice process is not only authorized, but is apparently necessary in this case for the sake of efficiency. Further, the restrictions on contact with the putative class recommended by the Magistrate Judge were narrowly tailored to the 60-day notice period only, which distinguishes this case from *Gulf Oil*. That case involved a Rule 23 class action where the Supreme Court rejected a district court's order that essentially restricted *all* communications with the putative class members for the entire litigation and for every purpose without prior authorization by the court, interfering with the plaintiff's ability to litigate and investigate the case. *Id*. at 100 ("The order interfered with their efforts to inform potential class members of the existence of this lawsuit, and may have been particularly injurious

6

– not only to respondents but to the class as a whole – because the employees at that time were being pressed to decide whether to accept a backpay offer from Gulf that required them to sign a full release of all liability for discriminatory acts. [footnote omitted] In addition, the order made it more difficult for respondents, as class representatives to obtain information about the merits of the case from the persons they sought to represent.").

Only notice to the putative class through the U.S. Mail is approved; other communication providing notice of the suit is not approved.[2] Commensurate with judicial oversight of the notice process approved by the Supreme Court in *Hoffmann-LaRoche Inc.*, limitations necessarily resulting from the Court's facilitation of notice to the putative class are appropriate. The limitations recommended by the Magistrate Judge are tailored in scope and duration and differ significantly from *Gulf Oil* in those respects. As noted in the F&Rs, putative class members are free to contact Plaintiff's counsel with any questions they may have about joining the suit and Plaintiff's counsel, in turn, are free to communicate with putative class members where the communication was initiated by a putative class member. Restrictions on communications with the putative class during the notice period are necessary and appropriate to facilitate and ensure accurate and informative notice.

As such, other than the approved notice to the class, Plaintiff and her counsel may not *initiate* further contact with the putative class **during the notice period** regarding this lawsuit, particularly for the purpose of solicitation.[3] Further, SSC is likewise precluded from initiating communication with putative class members regarding this lawsuit for the purpose of dissuading potential plaintiffs from joining the suit. To the extent that putative class members, who may or may not be current employees of SSC, initiate contact with SSC regarding this lawsuit, such inquiries should be directed to Plaintiff's counsel. To be clear, the prohibition on SSC's contact with putative class members is not intended as a strict and rigid restriction on questions or discussion about this lawsuit that may occur in the workplace where putative class members are employed, just as the Court is not going

---

[2] As the U.S. Mail is the only approved notice vehicle, the communication limitation extends to contact initiated by the parties or their respective counsel through publication about this lawsuit on a webpage.

[3] To be clear, the conduct of counsel is governed by the California Rules of Professional Conduct and nothing in this order should be construed as approving any contact or communication during any portion of the litigation that is not appropriate under the Rules of Professional Conduct.

to wade into every possibly communication scenario that may occur between putative class members who contact Plaintiff's counsel regarding the lawsuit. The limitations imposed are intended to allow the written notice to the class to serve as the primary basis for information about the lawsuit and to ensure that neither party engages in communication efforts that distort the notice process or discourage participation. The limitations are not intended to create a myriad of technical "gotchas" for the parties to use as tactical weapons. **The parties and their respective counsel are cautioned that attempts to enforce this order in that manner will not be viewed favorably**. **In addition, the parties' counsel are officers of the court and must conduct themselves accordingly.**

To the extent Plaintiff believes there is a need for a written reminder notice via U.S. Mail, such a notice may be proposed by Plaintiff and reviewed by the Magistrate Judge for approval. *See Taylor v. Pittsburgh Mercy Health System, Inc.*, No. 2:09-cv-003770CB, 2009 WL 2762531, at *4 (W.D.Pa. Aug. 25, 2009) ("transparency is essential to the Court's fulfillment of its duty . . . to exercise control over [this collective] action and to enter appropriate orders governing the conduct of counsel and [the] parties"). To facilitate this during the notice period, the Magistrate Judge will set and conduct a telephonic status conference with the parties early in the notice period.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's supplemental motion for conditional class certification is GRANTED as specified in the October 30, 2012, Findings and Recommendations;
2. The Magistrate Judge's Findings and Recommendations are ADOPTED as clarified herein with regard to communication with the putative class during the notice period and the putative class members' contact information;
3. Plaintiff's counsel are APPOINTED to serve as class counsel;
4. Notice to the putative class shall be issued by Plaintiff's counsel as follows:
    a. The temporal scope of the class shall extend from December 20, 2007, to present;
    b. **No later than November 28, 2012,** SSC shall provide to Plaintiff's counsel the names and mailing address of all putative class members;

8

        c.      The notice period shall be 60 days in length and **shall conclude on January 28, 2012;**

        d.      The modifications to Plaintiff's proposed notice, as recommended by the Magistrate Judge (Doc. 73, 39:8-40:25, Part IV(E)(3)), shall be incorporated into the notice sent to the putative class;

        e.      No further method of notice to the putative class has been approved; and

    5.      The matter of a reminder notice is referred to the Magistrate Judge who shall set a telephonic status conference to review and oversee any proposed reminder notice.

IT IS SO ORDERED.

**Dated:   November 14, 2012**          /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE