# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA DAVIS, | CASE NO. 1:10-cv-02372-LJO-SKO |
|     Plaintiff, | |
|     v. | **ORDER RE CLASS NOTICE ISSUES** |
| SOCIAL SERVICE COORDINATORS, INC., et al., | |
|     Defendants. | |

## I.   INTRODUCTION AND BACKGROUND

On December 13, 2012, counsel for Plaintiff Lisa Davis ("Plaintiff") and Defendant Social Service Coordinators, Inc. ("Defendant" or "SSC") appeared for a status conference regarding a reminder notice to the putative class. A follow-up notice was approved, subject to the modifications proposed in SSC's December 11, 2012, statement of objections. (*See* Doc. 87.) Plaintiff also informed the Court that issues had arisen regarding whether SSC had fully disclosed the names and addresses of all putative class members to Plaintiff's counsel. (*See* Doc. 87.) The Court permitted the parties to file briefs to address the issue, and a status conference was set for January 23, 2013. (*See* Docs. 89, 91, 94.)

1    On January 15, 2013, after having reviewed the parties' briefs, the Court issued a minute
2 order resolving some of the parties' immediate issues. (*See* Doc. 96.) The Court's January 15, 2013,
3 minute order required (1) SSC to complete a manual review of all historic personnel information and
4 provide Plaintiff's counsel with a supplemental class list; (2) SSC to file a declaration on or before
5 January 23, 2013, setting forth the process for manually reviewing historic personnel information
6 and explaining how this process ensures that all potential class members are identified; (3) Plaintiff's
7 counsel to provide SSC with a list of those individuals identified on the original class list whose
8 notices were returned as undeliverable; (4) SSC to provide to Plaintiff's counsel, on or before January
9 23, 2013, social security numbers *only* for those individuals whose notices were returned as
10 undeliverable; and (5) the notice period be extended an additional 60 days, to March 29, 2013, *only*
11 for those individuals identified on the supplemental class list and any person on the original class
12 list whose notice was returned as undeliverable.

13    At the January 23, 2013, status conference, the parties informed the Court that Plaintiff's
14 counsel had provided SSC with a list of those individuals whose notices were returned as
15 undeliverable, and SSC had provided social security numbers to Plaintiff's counsel for those
16 individuals. SSC also informed the Court that it had completed the manual review of all historic
17 personnel information and that it would be providing Plaintiff's counsel with a supplemental class
18 list and a declaration setting forth the process for compiling the supplemental class list. (*See* Doc.
19 98.) During the status conference, in response to the Court's concerns about compiling a complete
20 and accurate supplemental class list, SSC agreed to provide an additional declaration along with a
21 master list of all exempt job titles within the Medicare Outreach subdivision during the entirety of
22 the class period and a brief explanation as to why those job titles were or were not included in
23 discovery responses and/or in the initial compilation of the class list for notice purposes. By minute
24 order following the status conference, SSC was ordered file this declaration and information no later
25 than January 30, 2013. (*See* Doc. 99.)

26    During the telephonic status conference, and as noted in the Court's January 24, 2013, minute
27 order following the status conference, the Court also informed the parties that the remainder of the
28

issues in the parties' briefs regarding the class list and notice of the action would be addressed by written order. These issues are discussed below.

## II.   DISCUSSION

**A.   Posting a Notice at SSC's Facility**

Plaintiff asserts that the Court should order SSC to post a notice at its facility to ensure that notice is received. Plaintiff contends that where there is a question as to why certain employees were omitted from the employee list provided by a defendant, courts have found that "first class mail, combined with posting in the employee's workplace, provides the best notice practicable to the potential class." *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 492-93 (E.D. Cal. 2006). Plaintiff asserts that posting will, "at least in part, cut out the issue of whether or not the mailing list is accurate and will help address the possibility that Defendant is exercising discretion, or simply committing errors, in compiling its lists." (Doc. 94, 8:13-15.)

First, posting a notice at SSC's facility would necessarily only target current employees, not former employees. Posting notices at the facility, therefore, is not a complete cure for the problem Plaintiff perceives. Second, the Court has already ordered SSC to provide a declaration explaining how the supplemental class list was compiled and to provide a master list of every exempt job title in the Medicare Outreach subdivision to ensure that potential class members are identified and their contact information forwarded to Plaintiff's counsel. SSC's submission of this information by declaration is sufficient to ensure a complete and accurate compilation of the supplemental class list. The Court finds that requiring SSC to post notice of the lawsuit at its facility is unnecessary, particularly in light of the additional information SSC has and will be providing to Plaintiff's counsel. Plaintiff's request for an order requiring SSC to post notice at its facility is DENIED.

**B.   Joint In-Person Meeting with Putative Class Members**

Plaintiff asserts that a joint in-person meeting with counsel and putative class members will assist in clarifying any questions or issues of the putative class members. (Doc. 89, 8:9-16.) Plaintiff also asserts that, based on the declarations filed by Plaintiff's counsel, some potential class members are unwilling to sue individually or join a suit against Defendant for fear of retaliation. (Doc. 94, 9:7-18.) SSC counters that the "notion that potential class members and/or SSC's counsel

are somehow 'confused' is clearly offered as yet another thinly veiled reason why Plaintiff should be permitted to engage in direct communication with potential plaintiffs." (Doc. 91, p. 8-9.)

The Court finds that a joint in-person meeting during the extended notice period is not warranted. SSC has provided and continues to provide information regarding the compilation of the supplemental class list; production of this additional information should address Plaintiff's concerns regarding any confusion on the part of SSC as to the scope of the conditionally certified class and the information which must be produced to Plaintiff's counsel.

Additionally, the notice to the class informs class members that SSC may not retaliate against them for participation in the suit. If certain potential class members are unwilling to join the suit or to identify themselves as Plaintiff's counsel maintains, it appears likely that these individuals would also be unwilling to appear at a joint in-person meeting where they could be identified by SSC and its counsel. More importantly, there is no evidence that SSC has engaged in any improper conduct by attempting to dissuade or intimidate potential class members from joining the suit. General or non-specific fears of retaliation by some potential class members is not sufficient to warrant such a joint in-person meeting with the potential class. Plaintiff's request for a joint in-person meeting with class members in Florida is DENIED.

**C.     February 20, 2013, Telephonic Status Conference**

As noted in the Court's January 24, 2013, minute order, a telephonic status conference has been set for **February 20, 2013, at 9:30 a.m. Pacific Time**. At that time, the parties will be provided an opportunity to address any additional notice issues that have arisen.

The parties are ordered to meet and confer **by no later than February 15, 2013**, to discuss any additional issues regarding the notice process. If the parties determine there is no need for a status conference, they shall file a stipulation requesting that the status conference be vacated **by no later than February 15, 2013**.

///

///

///

///

4

## II.    CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request that Defendant be ordered to post notice of the lawsuit at its Miami Lakes facility is DENIED;

2. Plaintiff's request for an in-person joint meeting with putative class members during the notice period is DENIED;

3. **No later than February 15, 2013,** the parties shall telephonically meet and confer to discuss any additional notice-process issues; and

4. **No later than February 15, 2013**, if the parties determine a status conference is unnecessary, they shall file a stipulation with the Court requesting that the February 20, 2013, status conference be vacated.

IT IS SO ORDERED.

**Dated:   January 30, 2013**                         /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE